Finney *et al. v.* The State, *ex rel.* Cicero School Township.

Filed Jan. 17, 1891.

---

No. 15,825.

FINNEY ET AL. *v.* THE STATE, EX REL. CICERO SCHOOL TOWNSHIP.

TOWNSHIP TRUSTEE.—*Overpayments.*—*Shortage.*—*Set-Off.*—In an action on the bond of a township trustee he is entitled to set off against the shortage in one fund overpayments on account of another, so far as the shortage was occasioned thereby.

From the Tipton Circuit Court.

Finney *et al. v.* The State, *ex rel.* Cicero School Township.

*R. B. Beauchamp, W. Mount, J. M. Fippen* and *G. H. Gifford,* for appellants.

*W. R. Oglebay,* for appellee.

BERKSHIRE, J.—The foundation of this action is an official bond given by one Finney as trustee of Cicero township. The action is brought to recover moneys which it is alleged said Finney received as trustee of said school township, and for which he has failed to account. Two paragraphs of answer were filed by Finney, and two other paragraphs by the other appellants, who executed the bond as sureties.

Replies were filed to all of the affirmative answers, which were mere denials of the allegations therein contained.

The second paragraph of Finney's answer alleges payment and advancements to the use of certain funds for which judgment is demanded.

After issue joined the cause was, by agreement, referred to a master commissioner, with instructions to hear the evidence introduced by the parties, and to find and report the facts to the court.

Having heard the evidence and made his finding, the master reported the facts as found to the court. It appears in the finding that said Finney received, of the moneys belonging to said school township, as follows:

Common school fund . . . . . . . . . . . . . $9,521 86
Special school fund . . . . . . . . . . . . . . 6,2C8 74

Total . . . . . . . . . . . . . . . . $15,730 60
That he had paid out sums as follows:
On account of the common school fund . . . $10,142 87
Special school fund . . . . . . . . . . . . . 5,059 64

Total . . . . . . . . . . . . . . . . $15,202 51
The master finds further, that the said trustee is entitled to credit for all the moneys paid out by him.

After the report of the master had been filed, and after the appellee had filed exceptions thereto, it moved the court for judgment upon the finding for the sum of $1,264.01, the difference between the amount of the special school funds received and disbursed by said trustee, including 10 per cent. penalty.

The appellants moved for judgment in their favor on account of overpayments made by said trustee for the benefit of the common school fund in the sum of $621.01. The court overruled the motion of the appellants and sustained the motion of the appellee, and the appellants reserved proper exceptions.

The evidence is not in the record, nor was there a motion for a new trial.

The finding of the master was treated by the parties and by the court as in the nature of a special finding of fact by the court, and the correctness of the court's ruling upon the said motions, in view of the facts disclosed in the master's finding, is the only question presented for our consideration.

A technical objection was made to the form in which the appellants presented their assignment of error, but this objection has been obviated by and pursuant to the direction of this court.

The second paragraph of Finney's answer alleges that the overpayments were on account of the special school and tuition funds, while the finding of the master as already stated discloses that they were made for the benefit of the common school fund, and the point is made that said overpayments do not fall within the issues, and that the court was not, for this reason, authorized to give the appellants the benefit of a credit therefor.

Technically it may be that the overpayments do not fall within the allegations of the answer, but the special school and tuition funds are so closely allied to the common school fund that the latter is not entirely foreign to the subject

covered by the pleading. In addition to this, the facts as disclosed by the master's finding indicate that in equity and good conscience the appellants should have the benefit of the credit which they claimed.

It is evident that the shortage in one fund and the overpayments on account of the other, were in some degree chargeable to a mingling of the moneys belonging to each, and an indiscriminate disbursement thereof. This, however, was not entirely so, for in that case the overpayments on account of one fund would have balanced the discrepancy in the other.

The court should have adjusted the liabilities of the parties so as to have given the appellants the benefit of the credit which they claimed. This it could have done without injustice to the appellee's relator.

For the error committed there must be a reversal of the judgment.

Judgment reversed, with costs, and the trial court is directed to make the proper adjustment between the funds involved, and to render judgment against the appellants for the sum of $580.89 and costs.

Filed Jan. 17, 1891.